**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NOVACLOUD LICENSING, LLC,** | |
| **Plaintiffs,** | **Civil Action No.  2:25-cv-00700** |
| **vs.** | |
| **INTERNATIONAL BUSINESS MACHINES CORP.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NovaCloud Licensing, LLC ("NovaCloud") files this Complaint for Patent Infringement against Defendant International Business Machines Corp. ("IBM"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

2.      IBM has infringed and continues to infringe at least one claim of U.S. Patent No. 8,401,028 ("the '028 Patent").

3.      IBM has infringed and continues to infringe at least one claim of U.S. Patent No. 8,407,348 ("the '348 Patent").

4.      IBM has infringed and continues to infringe at least one claim of U.S. Patent No. 9,225,651 ("the '651 Patent").

5.      IBM has infringed and continues to infringe at least one claim of U.S. Patent No. 9,491,063 ("the '063 Patent").

6.      IBM has infringed and continues to infringe at least one claim of U.S. Patent No.

9,900,262 ("the '262 Patent").

7.    IBM has infringed and continues to infringe at least one claim of U.S. Patent No. 10,691,480 ("the '480 Patent").

8.    IBM infringes directly, literally and/or by the doctrine of equivalents, and/or induces infringement of the '028, '348, '651, '063, '262, and '480 Patents (collectively, the "Asserted Patents") by developing, making, using, selling, offering for sale, and/or importing into the United States products, infrastructure, and/or services that incorporate the patented technology.

9.    NovaCloud seeks damages and other relief for IBM's infringement.

## THE PARTIES

10.    Plaintiff NovaCloud Licensing, LLC is a Delaware limited liability company with its principal place of business at 530 Lytton Avenue, 2nd Floor, #2104, Palo Alto, CA 94301.

11.    NovaCloud was formed in 2024 to take ownership of and provide access to the fundamental patented technology that emerged from Ericsson's pioneering research in cloud computing, networking, and content delivery.[1] This technology is integral to today's Infrastructure-as-a-Service and Platform-as-a-Service cloud computing platforms, content delivery networks, and datacenters and, as such, underpins many of the consumer-facing technologies and services people use daily, such as file storage and access, streaming services, cloud-based Software-as-a-Service applications, and communication and collaboration tools.

12.    Defendant International Business Machines Corp. is a New York corporation with its principal place of business in Armonk, New York 10504.

13.    IBM may be served through its registered agent CT Corp. System, 1999 Bryan St. Suite 900, Dallas, Texas 75201.

---

[1] https://www.novacloudllc.com/#portfolio.

14.     On information and belief, IBM makes, uses, sells, offers for sale, and/or imports into the United States, including in this District, products and services, including, without limitation, IBM Cloud Pak, Cloud DNS Services, and DataPower Gateway.

15.     NovaCloud first approached IBM to discuss a license for NovaCloud's patent portfolio in February 2025. To date, no license agreement has been reached.

## JURISDICTION AND VENUE

16.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271.

17.     The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

18.     This Court has personal jurisdiction over IBM. IBM has committed acts within this District giving rise to this action and established minimum contacts such that the exercise of jurisdiction over IBM would not offend traditional notions of fair play and substantial justice.

19.     IBM has continuous and systematic business contacts with the State of Texas. IBM, directly or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas. IBM, directly and through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more of its Accused Infrastructure and Services into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in the State of Texas and the Eastern District of Texas. These products and/or services have been and continue to be purchased and used by consumers in the State of Texas and the Eastern District of Texas. In addition, on information and belief, IBM conducts operations related to the Accused Products in its Eastern District of Texas facilities, as discussed below.

20.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). IBM is authorized to do business in the State of Texas, has transacted business in the Eastern District of

Texas, and has committed acts of infringement in the Eastern District of Texas. On information and belief, IBM operates a data center in this District at 1700 Summit, Plano, Texas 75074. Additionally, IBM, on information and belief, maintains regular and established places of business in this District, including, without limitation: 931 Litsey Road, Roanoke, Texas 76262; 615 SH 121 Bypass, Lewisville, Texas 75019; and 1649 West Frankford Road, Carrollton, Texas 75007.[2]

| Property ID | Geo ID | Type | Owner Name | Owner ID | Address | Legal Description | Appraised |
|---|---|---|---|---|---|---|---|
| 2003114 | P-9000-293-2421-1 | P | IBM CORPORATION | 14748 | VARIOUS LOCATIONS CPL SPL, TX | BPP AT VARIOUS LOCATIONS CPL SPL | $17,992,203 |
| 2079616 | P-9000-299-4870-1 | P | IBM CORPORATION | 14748 | VARIOUS LOCATIONS CMC SMC, TX | BPP AT VARIOUS LOCATIONS CMC SMC | $13,100 |
| 2124588 | P-9000-201-6972-1 | P | IBM CORPORATION | 14748 | VARIOUS LOCATIONS CRC SPL, TX | BPP AT VARIOUS LOCATIONS CRC SPL | $238,484 |
| 2126084 | | P | IBM CORPORATION | 14748 | REFLE-IBM CORPORATION, TX | REFERENCE ONLY-IBM CORPORATION | $0 |
| 2851703 | P-9000-222-0191-1 | P | IBM CORPORATION | 14748 | 1700 SUMMIT AVE, PLANO TX 75074 | BPP AT 1700 SUMMIT AVE - BRAD WORKS | $47,545,689 |

| Year | PropID | Type | Owner Name | Property Address | City | Legal Description | Market Value |
|---|---|---|---|---|---|---|---|
| 2025 | 976718 | P | IBM CORPORATION | 1649 W FRANKFORD RD | CARROLLTON | PERSONAL PROPERTY - EQUIPMENT AT CYRUSONE LOCATION: 1649 W FRANKFORD RD, CARROLLTON | $74,150,110 |
| 2025 | 1002186 | P | IBM CORPORATION | 931 LITSEY RD | ROANOKE | PERSONAL PROPERTY - EQUIPMENT AT CYRUSONE LOCATION: 931 LITSEY RD, ROANOKE | $27,411 |
| 2025 | 1002187 | P | IBM CORPORATION | 615 SH 121 BYPASS | LEWISVILLE | PERSONAL PROPERTY - EQUIPMENT AT CYRUSONE LOCATION: 615 SH 121 BYPASS, LEWISVILLE | $48,475 |

**THE '028 PATENT**

21.    On March 19, 2013, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,401,028, entitled "Selection of an Edge Node in a Fixed Access Communication Network," to inventors Attila Mihaly, Andras Csaszar, Oktavian Papp, and Lars Westberg. The '028 Patent issued from an application filed on January 23, 2008. A true and correct copy of the '028 Patent is attached as Exhibit 1 and incorporated by reference.

22.    NovaCloud owns the '028 Patent and all rights to the '028 Patent necessary to bring this action.

23.    The '028 Patent discloses novel techniques for "allocating pooled nodes to a host in a fixed access network." '028 Patent at 1:8-19.

---

[2] Specific address information was collected from the Collin and Denton Counties' Appraisal District websites.

24.     Pursuant to 35 U.S.C. § 282, the '028 Patent is presumed valid.

25.     Claim 1 of the '028 Patent reads as follows:

A method for selecting an edge node from a plurality of edge nodes in a fixed access communications network, the method comprising:

at a selection node, receiving from a host entity a request for a network service;

obtaining, from a dynamically updated database, data comprising information relating to the status and capabilities of each edge node of the plurality of edge nodes;

on the basis of the retrieved data, selecting an edge node from the plurality of edge nodes, the selected edge node providing a path between the host entity and the requested network service; and

sending a response to the host entity, the response including information identifying the selected edge node.

26.     A person of ordinary skill in the art reading the '028 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of pooled nodes within networks, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '028 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art pooled nodes within networks are concrete and improve the capabilities of existing methods.

27.     A person of ordinary skill in the art reviewing the specification of the '028 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

**THE '348 PATENT**

28.     On March 26, 2013, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,407,348, entitled "Monitoring Network Usage," to inventors Steve Taylor Chapman and Mark Andrew Read. The '348 Patent issued from an application filed on April 1, 2009. A true and correct copy of the '348 Patent is attached as Exhibit 2 and incorporated by reference.

29.     NovaCloud owns the '348 Patent and all rights to the '348 Patent necessary to bring this action.

30.     The '348 Patent discloses novel techniques for "monitoring service usage of a network." '348 Patent at 1:18-19.

31.     Pursuant to 35 U.S.C. § 282, the '348 Patent is presumed valid.

32.     Claim 1 of the '348 Patent reads as follows:

A method of monitoring a user's usage of a network service, comprising:

recording a length of time that a service in the network was considered active relative to a predefined activity threshold value;

recording an average loading of the network service during the time that the network service was considered active relative to the activity threshold value; and

recording a length of time in which the network service was considered saturated relative to a predefined saturation threshold value.

33.     A person of ordinary skill in the art reading the '348 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of network service usage, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '348 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary

skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art network service usage are concrete and improve the capabilities of existing methods.

34.    A person of ordinary skill in the art reviewing the specification of the '348 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## THE '651 PATENT

35.    On December 29, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,225,651, entitled "Method and Apparatus for Load Balancing," to inventors Jiandong Wang and Qiang Ma. The '651 Patent issued from an application filed on July 8, 2011. A true and correct copy of the '651 Patent is attached as Exhibit 3 and incorporated by reference.

36.    NovaCloud owns the '651 Patent and all rights to the '651 Patent necessary to bring this action.

37.    The '651 Patent discloses novel techniques for "load balancing in scheduling traffic flows in networks." '651 Patent at 1:15-16.

38.    Pursuant to 35 U.S.C. § 282, the '651 Patent is presumed valid.

39.    Claim 1 of the '651 Patent reads as follows:

A method of load balancing for use in scheduling a traffic flow, comprising:

selecting, based on a mapping entry, a first processing engine (PE) from a plurality of PEs as a target PE for a packet of the traffic flow, the mapping entry indicating an association between the packet and the first PE;

determining whether load of the target PE exceeds a first threshold; and

in response to determining that the first threshold is exceeded, updating the selection of the target PE based on a scheduling status of the traffic flow, the scheduling status indicating

a dispatch of a previous packet of the traffic flow, such that the packet is dispatched to the same target PE as the previous packet.

40.     A person of ordinary skill in the art reading the '651 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of load balancing in networks, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '651 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art load balancing in networks are concrete and improve the capabilities of existing methods.

41.     A person of ordinary skill in the art reviewing the specification of the '651 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

**THE '063 PATENT**

42.     On November 8, 2016, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,491,063, entitled "Method and Apparatus for Providing Network Services Orchestration," to inventors James Kempf, Ramesh Mishra, and Ravi Manghirmalani. The '063 Patent issued from an application filed on May 15, 2013. A true and correct copy of the '063 Patent is attached as Exhibit 4 and incorporated by reference.

43.     NovaCloud owns the '063 Patent and all rights to the '063 Patent necessary to bring this action.

44.     The '063 Patent discloses novel techniques for "network services orchestration." '063 Patent at 2:23-24.

45.    Pursuant to 35 U.S.C. § 282, the '063 Patent is presumed valid.

46.    Claim 10 of the '063 Patent reads as follows:

A method in an apparatus for providing network services orchestration, the method comprises:

running a network services orchestration module on a network controller, the network services orchestration module performs operations on flows of packets in real time prior to delivery of the packets to an end user or to an end user service, the network service orchestration module performs following steps:

allowing a network operator to specify services for management using a service management northbound application programming interface (API);

managing virtual machines (VMs) and specialized APIs in response to network operator requests from the service management northbound API using an instance management submodule;

monitoring statistics and affecting service instances using an autoscaling and power management submodule;

pushing changes in deployed network services instance availability to a steering module using an instance location southbound API; and,

providing identity, topological location and performance type service data to the steering module using the instance location southbound API.

47.    A person of ordinary skill in the art reading the '063 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of network service orchestration, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '063 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art network service orchestration are concrete and improve the capabilities of existing methods.

48.    A person of ordinary skill in the art reviewing the specification of the '063 Patent

would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## THE '262 PATENT

49.     On February 20, 2018, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,900,262, entitled "Methods, Nodes and Computer Program for Enabling of Resource Component Allocation," to inventors Patrizia Testa and Joacim Halen. The '262 Patent issued from an application filed on October 13, 2013. A true and correct copy of the '262 Patent is attached as Exhibit 5 and incorporated by reference.

50.     NovaCloud owns the '262 Patent and all rights to the '262 Patent necessary to bring this action.

51.     The '262 Patent discloses novel techniques for "improved resource management and resource utilization in shared environments." '262 Patent at 4:10-12.

52.     Pursuant to 35 U.S.C. § 282, the '262 Patent is presumed valid.

53.     Claim 1 of the '262 Patent reads as follows:

A method performed by a resource manager in a communications network connected to at least two hosts for enabling of resource component allocation related to the hosts, the method comprising:

determining a metric of a resource component for performance monitoring of an application at the hosts;

transmitting an instruction to measure the metric to each respective host;

receiving a respective resource frame of the application from each respective host;

determining resource allocation for the application based on the received resource frames; and

combining resource frames coming from the at least two hosts;

wherein at least two resource frames form an operations profile of an application using a shared environment; and

10

wherein the operations profile is dynamic over time.

54.    A person of ordinary skill in the art reading the '262 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of shared environments within communication networks, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '262 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art shared environments within communication networks are concrete and improve the capabilities of existing methods.

55.    A person of ordinary skill in the art reviewing the specification of the '262 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

**THE '480 PATENT**

56.    On June 23, 2020, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,691,480, entitled "Apparatus and Method for Configuring and Enabling Virtual Applications," to inventors Hoang Do and Sergey Odobetskiy. The '480 Patent issued from an application filed on August 30, 2017. A true and correct copy of the '480 Patent is attached as Exhibit 6 and incorporated by reference.

57.    NovaCloud owns the '480 Patent and all rights to the '480 Patent necessary to bring this action.

58.    The '480 Patent discloses novel techniques for "configuring and monitoring a virtual application in a cloud environment." '480 Patent at 1:16-17.

59.    Pursuant to 35 U.S.C. § 282, the '480 Patent is presumed valid.

60.    Claim 13 of the '480 Patent reads as follows:[3]

A non-transitory machine-readable medium having computer code stored therein, which when executed by a set of one or more processors of a computing device, causes the computing device to perform operations for configuring and monitoring a virtual application in a cloud environment, the operations comprising:

generating instructions for configuring and monitoring the virtual application based on configuration data for the virtual application;

modifying an injection virtual machine (VM) image to include the instructions for configuring and monitoring the virtual application, wherein the injection VM image is a template for instantiating an injection VM that is to configure and monitor the virtual application according to the instructions;

[modifying a virtual application VM image to include injection data, wherein the virtual application VM image is a template for instantiating a virtual application VM that implements the virtual application, wherein the injection data includes two or more of: a script, a configuration file, and a public key that corresponds to a private key included in the injection VM image to enable secure communications between the virtual application VM and the injection VM;]

modifying a virtual application deployment descriptor for the virtual application to indicate that the injection VM is to be injected into the virtual application[,wherein the virtual application deployment descriptor includes a reference to the virtual application VM image]; and

causing the virtual application, with the injection VM, to be deployed in the cloud environment using the modified virtual application deployment descriptor.

61.    A person of ordinary skill in the art reading the '480 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of virtual application configuration in cloud environments, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '480 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept.

_____

[3] The bracketed claim language represents claim language erroneously omitted by the USPTO when issuing the '480 Patent. The Listing of Allowed Claims, as filed on April 17, 2020, reflects this erroneously omitted language. The Listing of Allowed Claims is attached to the Complaint as Exhibit 13.

A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art cloud environments are concrete and improve the capabilities of existing methods.

62.    A person of ordinary skill in the art reviewing the specification of the '480 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

### IBM'S INFRINGEMENT

63.    As detailed below, each element of at least one claim of each of the Asserted Patents is literally present in IBM's products, infrastructure, and/or services. To the extent that any element is not literally present, each such element is present under the doctrine of equivalents. NovaCloud's analysis below should not be taken as an admission that the preamble for any claim is limiting. While NovaCloud cites publicly available information, NovaCloud may rely on other forms of evidence to show infringement.

64.    Generally, the Accused Infrastructure and Services for the Asserted Patents include IBM's datacenter and network infrastructure and/or cloud computing services. Exemplary, non-limiting Accused Infrastructure and Services are identified in the attached claim charts.[4]

### COUNT I: INFRINGEMENT OF THE '028 PATENT

65.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated

---

[4] The allegations provided are exemplary and without prejudice to NovaCloud's infringement contentions to be provided pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules. NovaCloud's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules. Identification of the Accused Infrastructure and Services, as well as a complete list of the infringed claims, will be provided in NovaCloud's infringement contentions pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules.

herein.

66.     IBM has been and is now directly infringing and/or indirectly infringing the '028 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same.

67.     IBM derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '028 Patent, including but not limited to Claim 1. Claim 1 reads as follows:

> A method for selecting an edge node from a plurality of edge nodes in a fixed access communications network, the method comprising:
>
> at a selection node, receiving from a host entity a request for a network service;
>
> obtaining, from a dynamically updated database, data comprising information relating to the status and capabilities of each edge node of the plurality of edge nodes;
>
> on the basis of the retrieved data, selecting an edge node from the plurality of edge nodes, the selected edge node providing a path between the host entity and the requested network service; and
>
> sending a response to the host entity, the response including information identifying the selected edge node.

68.     The IBM Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '028 Patent. A chart presenting a non-limiting example of IBM's infringement of Claim 1 of the '028 Patent is attached to this Complaint as Exhibit 7.

69.     On information and belief, IBM also actively, knowingly, and intentionally induces infringement of one or more claims of the '028 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 7 (claim chart containing publications of IBM's Accused

Infrastructure and Services).

70.    IBM's infringement is willful, deliberate, and intentional, and IBM is acting in reckless disregard of NovaCloud's patent rights. IBM is aware of the '028 Patent at least as of the filing of this Complaint.

71.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '028 Patent.

## COUNT II: INFRINGEMENT OF THE '348 PATENT

72.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

73.    IBM has been and is now directly infringing and/or indirectly infringing the '348 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same.

74.    IBM derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '348 Patent, including but not limited to Claim 1. Claim 1 reads as follows:

A method of monitoring a user's usage of a network service, comprising:

recording a length of time that a service in the network was considered active relative to a predefined activity threshold value;

recording an average loading of the network service during the time that the network service was considered active relative to the activity threshold value; and

recording a length of time in which the network service was considered saturated relative to a predefined saturation threshold value.

75.    The IBM Accused Infrastructure and Services meet all the limitations of at least

Claim 1 of the '348 Patent. A chart presenting a non-limiting example of IBM's infringement of Claim 1 of the '348 Patent is attached to this Complaint as Exhibit 8.

76.    On information and belief, IBM also actively, knowingly, and intentionally induces infringement of one or more claims of the '348 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 8 (claim chart containing publications of IBM's Accused Infrastructure and Services).

77.    IBM's infringement is willful, deliberate, and intentional, and IBM is acting in reckless disregard of NovaCloud's patent rights. IBM is aware of the '348 Patent at least as of the filing of this Complaint.

78.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '348 Patent.

## COUNT III: INFRINGEMENT OF THE '651 PATENT

79.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

80.    IBM has been and is now directly infringing and/or indirectly infringing the '651 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same.

81.    IBM derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '651 Patent, including but not limited to Claims 1 and 2. Claims 1 and 2 read as follows:

1. A method of load balancing for use in scheduling a traffic flow, comprising:

selecting, based on a mapping entry, a first processing engine (PE) from a plurality of PEs as a target PE for a packet of the traffic flow, the mapping entry indicating an association between the packet and the first PE;

determining whether load of the target PE exceeds a first threshold; and

in response to determining that the first threshold is exceeded, updating the selection of the target PE based on a scheduling status of the traffic flow, the scheduling status indicating a dispatch of a previous packet of the traffic flow, such that the packet is dispatched to the same target PE as the previous packet.

2. The method of claim 1, wherein updating the selection of the target PE based on the scheduling status of the traffic flow comprises:

determining whether the packet is a start packet of the traffic flow; and

in response to determining that the packet is the start packet of the traffic flow, selecting a second PE that is different from the first PE from the plurality of PEs as the target PE.

82.     The IBM Accused Infrastructure and Services meet all the limitations of at least Claims 1 and 2 of the '651 Patent. A chart presenting a non-limiting example of IBM's infringement of Claims 1 and 2 of the '651 Patent is attached to this Complaint as Exhibit 9.

83.     On information and belief, IBM also actively, knowingly, and intentionally induces infringement of one or more claims of the '651 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 9 (claim chart containing publications of IBM's Accused Infrastructure and Services).

84.     IBM's infringement is willful, deliberate, and intentional, and IBM is acting in reckless disregard of NovaCloud's patent rights. IBM is aware of the '651 Patent at least as of the filing of this Complaint.

85.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '651 Patent.

## COUNT IV: INFRINGEMENT OF THE '063 PATENT

86.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

87.    IBM has been and is now directly infringing and/or indirectly infringing the '063 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same.

88.    IBM derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '063 Patent, including but not limited to Claim 10. Claim 10 reads as follows:

A method in an apparatus for providing network services orchestration, the method comprises:

running a network services orchestration module on a network controller, the network services orchestration module performs operations on flows of packets in real time prior to delivery of the packets to an end user or to an end user service, the network service orchestration module performs following steps:

allowing a network operator to specify services for management using a service management northbound application programming interface (API);

managing virtual machines (VMs) and specialized APIs in response to network operator requests from the service management northbound API using an instance management submodule;

monitoring statistics and affecting service instances using an autoscaling and power management submodule;

pushing changes in deployed network services instance availability to a steering module using an instance location southbound API; and,

providing identity, topological location and performance type service data to the steering module using the instance location southbound API.

89.    The IBM Accused Infrastructure and Services meet all the limitations of at least

Claim 10 of the '063 Patent. A chart presenting a non-limiting example of IBM's infringement of Claim 10 of the '063 Patent is attached to this Complaint as Exhibit 10.

90.     On information and belief, IBM also actively, knowingly, and intentionally induces infringement of one or more claims of the '063 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 10 (claim chart containing publications of IBM's Accused Infrastructure and Services).

91.     IBM's infringement is willful, deliberate, and intentional, and IBM is acting in reckless disregard of NovaCloud's patent rights. IBM is aware of the '063 Patent at least as of the filing of this Complaint.

92.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '063 Patent.

## COUNT V: INFRINGEMENT OF THE '262 PATENT

93.     NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

94.     IBM has been and is now directly infringing and/or indirectly infringing the '262 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same.

95.     IBM derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '262 Patent, including but not limited to Claim 1. Claim 1 reads as follows:

A method performed by a resource manager in a communications network connected to at least two hosts for enabling of resource component allocation related to the hosts, the method comprising:

determining a metric of a resource component for performance monitoring of an application at the hosts;

transmitting an instruction to measure the metric to each respective host;

receiving a respective resource frame of the application from each respective host;

determining resource allocation for the application based on the received resource frames; and

combining resource frames coming from the at least two hosts;

wherein at least two resource frames form an operations profile of an application using a shared environment; and

wherein the operations profile is dynamic over time.

96.     The IBM Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '262 Patent. A chart presenting a non-limiting example of IBM's infringement of Claim 1 of the '262 Patent is attached to this Complaint as Exhibit 11.

97.     On information and belief, IBM also actively, knowingly, and intentionally induces infringement of one or more claims of the '262 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 11 (claim chart containing publications of IBM's Accused Infrastructure and Services).

98.     IBM's infringement is willful, deliberate, and intentional, and IBM is acting in reckless disregard of NovaCloud's patent rights. IBM is aware of the '262 Patent at least as of the filing of this Complaint.

99.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '262 Patent.

## COUNT VI: INFRINGEMENT OF THE '480 PATENT

100.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

101.    IBM has been and is now directly infringing and/or indirectly infringing the '480 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same.

102.    IBM derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '480 Patent, including but not limited to Claim 13.[5] Claim 13 reads as follows:

> A non-transitory machine-readable medium having computer code stored therein, which when executed by a set of one or more processors of a computing device, causes the computing device to perform operations for configuring and monitoring a virtual application in a cloud environment, the operations comprising:
>
> generating instructions for configuring and monitoring the virtual application based on configuration data for the virtual application;
>
> modifying an injection virtual machine (VM) image to include the instructions for configuring and monitoring the virtual application, wherein the injection VM image is a template for instantiating an injection VM that is to configure and monitor the virtual application according to the instructions;
>
> [modifying a virtual application VM image to include injection data, wherein the virtual application VM image is a template for instantiating a virtual application VM that implements the virtual application, wherein the injection data includes two or more of: a script, a configuration file, and a public key that corresponds to a

---

[5] The bracketed claim language represents claim language erroneously omitted by the USPTO when issuing the '480 Patent. The Listing of Allowed Claims, as filed on April 17, 2020, reflects this erroneously omitted language. The Listing of Allowed Claims is attached to the Complaint as Exhibit 13.

private key included in the injection VM image to enable secure communications between the virtual application VM and the injection VM;]

modifying a virtual application deployment descriptor for the virtual application to indicate that the injection VM is to be injected into the virtual application[,wherein the virtual application deployment descriptor includes a reference to the virtual application VM image]; and

causing the virtual application, with the injection VM, to be deployed in the cloud environment using the modified virtual application deployment descriptor.

103.    The IBM Accused Infrastructure and Services meet all the limitations of at least Claim 13 of the '480 Patent. A chart presenting a non-limiting example of IBM's infringement of Claim 13 of the '480 Patent is attached to this Complaint as Exhibit 12.

104.    On information and belief, IBM also actively, knowingly, and intentionally induces infringement of one or more claims of the '480 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 12 (claim chart containing publications of IBM's Accused Infrastructure and Services).

105.    IBM's infringement is willful, deliberate, and intentional, and IBM is acting in reckless disregard of NovaCloud's patent rights. IBM is aware of the '480 Patent at least as of the filing of this Complaint.

106.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '480 Patent.

## DEMAND FOR JURY TRIAL

NovaCloud demands a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, NovaCloud prays for the following relief:

A.    A judgment in favor of NovaCloud that IBM has infringed, directly and indirectly, by way of inducement, literally and/or under the doctrine of equivalents, the Asserted Patents;

B.    A judgment in favor of NovaCloud that IBM is infringing, directly and indirectly, by way of inducement, literally and/or under the doctrine of equivalents, the Asserted Patents;

C.    An order awarding damages sufficient to compensate NovaCloud for IBM's infringement of the Asserted Patents, but in no event less than a reasonable royalty, including supplemental damages post-verdict, together with pre-judgment and post-judgment interest and costs;

D.    A judgment that IBM's infringement has been willful;

E.    Enhanced damages pursuant to 35 U.S.C. § 284;

F.    Entry of judgment declaring that this case is exceptional and awarding NovaCloud its costs and reasonable attorney fees under 35 U.S.C. § 285;

G.    An accounting for acts of infringement;

H.    A judgment and order requiring IBM to pay NovaCloud compulsory ongoing post-verdict royalties;

I.    Such other equitable relief which may be requested and to which NovaCloud is entitled; and

J.    Such other and further relief as the Court deems just and proper.

Dated: July 8, 2025.                    **McKool Smith, P.C.**

                                        /s/  *Kevin L. Burgess*
                                        Kevin L. Burgess
                                        Texas State Bar No. 24006927
                                        kburgess@McKoolSmith.com
                                        **McKool Smith, P.C.**
                                        104 East Houston Street, Suite 300
                                        Marshall, TX 75670
                                        Telephone: (903) 923-9002
                                        Facsimile: (903) 923-9099

                                        John B. Campbell
                                        Texas State Bar No. 24036314
                                        jcampbell@McKoolSmith.com
                                        Stone A. Martin
                                        Texas State Bar No. 24143713
                                        smartin@McKoolSmith.com
                                        **McKool Smith, P.C.**
                                        303 Colorado Street Suite 2100
                                        Austin, TX 78701
                                        Telephone: (512) 692-8700
                                        Facsimile: (512) 692-8744

                                        Nicholas M. Mathews
                                        Texas State Bar No. 24085457
                                        nmathews@McKoolSmith.com
                                        **McKool Smith, P.C.**
                                        300 Crescent Court, Suite 1200
                                        Dallas, TX 75201
                                        Telephone: (214) 978-4000
                                        Facsimile: (214) 978-4044

                                        Clara Bourget
                                        *Pro hac* to be filed
                                        cbourget@McKoolSmith.com
                                        **McKool Smith, P.C.**
                                        300 South Grand Avenue, Suite 2900
                                        Los Angeles, CA 90071
                                        Telephone: (213) 694-1200
                                        Facsimile: (213) 694-1234

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **NOVACLOUD LICENSING, LLC.**