**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **NOVACLOUD LICENSING, LLC,** | |
| **Plaintiffs,** | **Civil Action No. 2:25-cv-00700** |
| **vs.** | |
| **INTERNATIONAL BUSINESS MACHINES CORP.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**PLAINTIFF NOVACLOUD LICENSING, LLC'S UNOPPOSED MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................................1

II.   LEGAL STANDARD.....................................................................................................1

III.  ARGUMENT..................................................................................................................2

      A.    NovaCloud Acted with Diligence and has a Reasonable
            Explanation for the Amendment. ..............................................................................2

      B.    The Proposed Amendment is Important ...................................................................3

      C.    IBM Will Suffer No Prejudice. ................................................................................4

      D.    No Continuance is Required. ....................................................................................5

IV.   CONCLUSION...............................................................................................................5

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. 2005)................................................................................2, 3

*Arbitron, Inc. v. Int'l Demographics Inc.*,
    No. 2:06-CV-434 (TJW), 2008 WL 4755761 (E.D. Tex. Oct. 29, 2008).................................4

*Coopervision, Inc. v. CIBA Vision Corp.*,
    480 F. Supp. 2d 884 (E.D. Tex. 2007).....................................................................................3

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*,
    360 F. Supp. 3d 541 (E.D. Tex. 2018).....................................................................................2

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
    797 F.3d 1025 (Fed. Cir. 2015)................................................................................................2

*Motio, Inc. v. Avnet, Inc.*,
    No. 4:12-cv-647-ALM, 2015 WL 5952530 (E.D. Tex. Oct. 13, 2015)....................................3

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006).................................................................................................1

*Optronic Sci. LLC v. BOE Tech. Grp. Co., Ltd.*,
    No. 2:23-CV-00549-JRG, 2025 WL 1509150 (E.D. Tex. May 27, 2025) ...........................3, 5

*STMicroelectronics, Inc. v. Motorola, Inc.*,
    307 F. Supp. 2d 845 (E.D. Tex. 2004).....................................................................................2

*STMicroelectronics, Inc. v. Motorola, Inc.*,
    308 F. Supp. 2d 754 (E.D. Tex. 2004)..................................................................................2, 3

*VARTA Microbattery GmbH v. Guangdong Mic-Power New Energy Co., Ltd.*,
    No. 2:21-cv-36-JRG, slip op. (E.D. Tex. Mar. 30, 2022).........................................................4

OTHER AUTHORITIES

Local Patent Rule 3-6(b)..................................................................................................................1

Pursuant to Patent Rule 3-6(b), Plaintiff NovaCloud Licensing, LLC ("NovaCloud") respectfully moves for leave to amend its Infringement Contentions for U.S. Patent No. 8,401,028 ("the '028 Patent") to add IBM's Cloud Internet Services Global Load Balancer as an accused instrumentality.  International Business Machines Corp. ("IBM") does not oppose the relief requested in this motion. As set forth below, NovaCloud has demonstrated good cause for the requested amendment under the applicable four-factor test, and the Court should grant NovaCloud leave to amend.

## I.    INTRODUCTION

NovaCloud seeks to supplement its operative Infringement Contentions for the '028 Patent to include IBM's Cloud Internet Services ("CIS") Global Load Balancer. NovaCloud's need for this amendment arose after its recent review of IBM's source code production. NovaCloud acted diligently, promptly notifying IBM of its intent to amend on February 2, 2026, just days after its experts identified the relevant source code references. IBM notified NovaCloud that it did not oppose the amendment on February 19, 2026. NovaCloud's proposed amendment will not prejudice IBM, does not require any continuance of case deadlines, and is important to ensuring NovaCloud's contentions accurately reflect the full scope of IBM's infringing conduct.

## II.    LEGAL STANDARD

Under P.R. 3-6(b), amendment of Infringement Contentions, other than those permitted following a claim construction ruling under P.R. 3-6(a), "may be made only by order of the Court, which shall be entered only upon a showing of good cause." The Federal Circuit has held that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

Courts in this District apply a four-factor test to determine whether good cause exists: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the court is

1

excluding, (3) the potential prejudice if the court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004); *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541 (E.D. Tex. 2018).

Significantly, courts in this District recognize that "software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). For this reason, "the Patent Rules recognize the preliminary nature of plaintiff's preliminary contentions [and] accommodate plaintiffs' need to supplement their initial contentions." *Id.* at 560-61; *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754 (E.D. Tex. 2004) (recognizing that "the Patent Rules allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions when technical information is produced during discovery").

## III.    ARGUMENT

Each of the four good cause factors supports NovaCloud's motion for leave to amend.

### A.    NovaCloud Acted with Diligence and has a Reasonable Explanation for the Amendment.

The first factor—the explanation for the failure to meet the deadline—strongly supports granting leave. It was only through careful review of IBM's confidential source code that NovaCloud's technical team discovered the existence of the CIS Global Load Balancer.

Courts in this District have repeatedly recognized that software patent plaintiffs cannot be expected to fully articulate their infringement theories before obtaining access to defendants'

source code. *E.g.*, *Am. Video Graphics*, 359 F. Supp. 2d at 560 ("[U]ntil plaintiffs have access to [source code], plaintiffs are typically unable to give highly specified infringement contentions."); *STMicroelectronics*, 308 F. Supp. 2d at 755-56 (recognizing that Patent Rules "allow for an initial disclosure with additional detail supplemented in later disclosures" based on technical information produced in discovery).

NovaCloud acted with diligence once the need for amendment became apparent. Within days of its experts identifying the CIS Global Load Balancer, NovaCloud notified IBM of its intent to seek leave to amend. NovaCloud filed this Motion immediately after IBM notified NovaCloud that it will not oppose the amendment. This diligence is precisely what the good cause standard requires. *E.g.*, *Coopervision, Inc. v. CIBA Vision Corp.*, 480 F. Supp. 2d 884, 892 (E.D. Tex. 2007) (granting leave to amend where "patentee acted with reasonable diligence" after discovering need for amendment); *Optronic Sci. LLC v. BOE Tech. Grp. Co., Ltd.*, No. 2:23-CV-00549-JRG, 2025 WL 1509150, at *2 (E.D. Tex. May 27, 2025) (finding diligence where movant acted promptly after identifying need for amendment).

## B.    The Proposed Amendment is Important

The second factor—the importance of the amendment—also favors NovaCloud. The proposed amendment is important because it ensures that NovaCloud's infringement contentions accurately capture the full scope of IBM's infringing conduct.

Courts in this District have consistently found amendments important when they allow plaintiffs to fully articulate their infringement theories based on newly discovered information. *E.g.*, *Motio, Inc. v. Avnet, Inc.*, No. 4:12-cv-647-ALM, 2015 WL 5952530, at *3 (E.D. Tex. Oct. 13, 2015) ("The Court finds that the [amendment] appears to be exceedingly relevant and may very well be of paramount importance in this matter."). Here, allowing the amendment ensures that NovaCloud's damages claims will reflect the full extent of IBM's infringing activities.

3

### C.    IBM Will Suffer No Prejudice.

The third factor—potential prejudice—weighs *heavily* in NovaCloud's favor. This is readily demonstrated by the fact that IBM does not oppose NovaCloud's motion for leave. IBM will suffer no cognizable prejudice from the proposed amendment for several reasons.

First, the amendment does not introduce any new claim construction issues. The claim terms at issue in the '028 Patent remain the same. The amendment adds a second accused instrumentality, but the underlying infringement theory—that IBM's products practice the claimed method of selecting edge nodes based on dynamically updated data—remains consistent.

Second, the amendment comes at an early stage of the litigation. Claim construction briefing has not yet begun, fact discovery remains ongoing, and trial is not imminent. NovaCloud's early notification and prompt amendment efforts ensure that IBM has ample time to address the new contentions in discovery and at claim construction.

Third, courts in this District have recognized that lack of prejudice can be dispositive, even where diligence is less than exemplary. *See, e.g.*, *VARTA Microbattery GmbH v. Guangdong Mic-Power New Energy Co., Ltd.*, No. 2:21-cv-36-JRG, slip op. at 5 (E.D. Tex. Mar. 30, 2022) ("The Court finds that Plaintiff is not prejudiced by the amendment and that is fatal to their opposition."); *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434 (TJW), 2008 WL 4755761, at *1 (E.D. Tex. Oct. 29, 2008) ("While the Court agrees with Arbitron that a 'good cause' analysis must include a showing of diligence on the movant's part, it does not agree that diligence is the sole or primary factor."). NovaCloud immediately provided IBM with notice of its intent to amend following the initial source code review and further provided its proposed amended contentions within days of IBM's requests. Thus, there will be zero resulting prejudice to IBM when leave to amend is granted here.

### D.    No Continuance is Required.

The fourth factor—availability of a continuance—also favors NovaCloud because no continuance is necessary. NovaCloud's proposed amendment does not require any adjustment to the Court's scheduling order. Fact discovery remains ongoing, and the Markman hearing is several months away. NovaCloud's early notification and prompt filing of this motion ensure that the case will proceed without disruption. *See, e.g.*, *Optronic*, 2025 WL 1509150, at *3 ("Any prejudice Plaintiff would suffer is alleviated by the fact that Plaintiff had notice of Defendant's proposed supplemental . . . contentions before any claim construction exchanges.").

## IV.    CONCLUSION

For the foregoing reasons, NovaCloud has demonstrated good cause to amend its Infringement Contentions for the '028 Patent pursuant to P.R. 3-6(b). NovaCloud respectfully requests that the Court grant this unopposed motion and permit NovaCloud to file its First Amended Infringement Contentions for U.S. Patent No. 8,401,028.

Dated: February 20, 2026.

/s/  *Kevin L. Burgess*
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@McKoolSmith.com
**McKool Smith, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Facsimile: (903) 923-9099

John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Stone A. Martin
Texas State Bar No. 24143713
smartin@McKoolSmith.com
Rania Khamees
rkhamees@McKoolSmith.com
Texas State Bar No. 24149673

5

**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Nicholas M. Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Clara Bourget (admitted *pro hac vice*)
cbourget@McKoolSmith.com
**McKool Smith, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Michael E. Catapano
New York State Bar No. 5933700
mcatapano@mckoolsmith.com
Mariel Talmage
New York State Bar No. 5948831
mtalmage@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

**ATTORNEYS FOR PLAINTIFF
NOVACLOUD LICENSING, LLC.**

6

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the undersigned counsel certifies that counsel for NovaCloud conferred with counsel for IBM regarding this motion. On February 2, 2026, NovaCloud's counsel notified IBM's counsel of NovaCloud's intent to seek leave to amend its infringement contentions. On February 3, 2026, IBM's counsel responded and requested a source code citation supporting NovaCloud's recent awareness of the CIS Global Load Balancer. On February 5, 2026, counsel for NovaCloud provided IBM with the requested citation, and then further provided IBM with its proposed amended contentions on February 13, 2026. On February 19, 2026, IBM indicated that it does not oppose NovaCloud's motion for leave.

/s/ Kevin L. Burgess

Kevin L. Burgess

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on February 20, 2026.

*/s/ Kevin L. Burgess*
Kevin L. Burgess
