**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NOVACLOUD LICENSING, LLC,** | |
| **Plaintiff,** | **Civil Action No. 2:25-cv-00700** |
| **vs.** | |
| **INTERNATIONAL BUSINESS MACHINES CORP.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**<u>PLAINTIFF NOVACLOUD LICENSING, LLC'S MOTION TO STRIKE
INTERNATIONAL BUSINESS MACHINES CORP.'S INVALIDITY CONTENTIONS</u>**

# TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................. 1

II.   LEGAL STANDARD ........................................................................................... 2

III.  ARGUMENT ......................................................................................................... 4

    A.    IBM's Invalidity Contentions Fail to Provide the Notice Required by the Local Rules................................................................................................................ 4

    B.    IBM's Anticipation Contentions Repeat the Same Deficient Boilerplate Pattern Without Analysis.......................................................................................... 5

    C.    IBM's Dependent Claim Contentions are Bare Cross References Without Analysis. 8

    D.    IBM's Obviousness Contentions Provide No Analysis. ............................................. 9

    E.    The Court Should Strike IBM's Deficient Contentions Under this District's Five Factor Test.................................................................................................. 10

IV.   CONCLUSION ................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Anascape, Ltd. v. Microsoft Corp.*,
  No. 9:06-CV-158, 2008 WL 7180756 (E.D. Tex. May 1, 2008)........................................2, 10

*Comput. Acceleration Corp. v. Microsoft Corp.*,
  503 F. Supp. 2d 819 (E.D. Tex. 2007)..............................................................................10, 11

*CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*,
  No. 2:17-cv-140-WCB, 2018 WL 4100760 (E.D. Tex. Jul. 2, 2018)..................................3, 9

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
  No. 6:15-cv-01038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) .........................................3

*EON Corp. IP Holdings, LLC v. Sensus USA Inc.*,
  No. 6:09-cv-116, 2010 WL 346218 (E.D. Tex. Jan. 21, 2010) ..............................................4

*Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*,
  No. 5:09-cv-85, 2010 WL 11553254 (E.D. Tex. Dec. 2, 2010) ..............................................4

*R2 Sols. LLC v. Databricks, Inc.*,
  No. 4:23-cv-1147, 2026 WL 265258 (E.D. Tex. Feb. 2, 2026)..........................................3, 10

*Realtime Data, LLC v. Packeteer, Inc.*,
  No. 6:08-cv-144-LED-JDL, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009)..............................9

*Saffran v. Johnson & Johnson*,
  No. 2:07 CV 0451 TJW, 2009 WL 8491495 (E.D. Tex. Feb. 24, 2009)..........................2, 3, 7

*Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc.*,
  No. 2:18-CV-01026-SJO-SK, 2019 WL 3243724 (C.D. Cal. June 20, 2019) .........................4

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
  No. 3:13-cv-01161-HSG, 2017 WL 235049 (N.D. Cal. Jan. 19, 2017) ..............................2, 4

*Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*,
  No. 2:07-CV-262 TJW, 2010 WL 7853420 (E.D. Tex. Apr. 1, 2010)..............................2, 3, 7

*Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*,
  No. 4:18-CV-474, 2020 WL 1275786 (E.D. Tex. Mar. 17, 2020) ..........................................1

*Wapp Tech. Ltd. v. Bank of Am., N.A.*,
  No. 4:21-cv-00670, Dkt. 105 (E.D. Tex. Jul. 1, 2022) .......................................................3, 4

**Other Authorities**

Patent Rule 3-3............................................................................................................................2, 3

## TABLE OF EXHIBITS

| Exhibit Number | Description |
|:---:|:---:|
| 1 | IBM's Invalidity Contentions Cover Pleading |
| 2 | Exhibit A-1 to IBM's Invalidity Contentions |
| 3 | Exhibit A-2 to IBM's Invalidity Contentions |
| 4 | Exhibit A-3 to IBM's Invalidity Contentions |
| 5 | Exhibit A-4 to IBM's Invalidity Contentions |
| 6 | Exhibit A-5 to IBM's Invalidity Contentions |
| 7 | Exhibit A-6 to IBM's Invalidity Contentions |
| 8 | Exhibit A-7 to IBM's Invalidity Contentions |
| 9 | Exhibit A-8 to IBM's Invalidity Contentions |
| 10 | Exhibit A-9 to IBM's Invalidity Contentions |
| 11 | Exhibit A-10 to IBM's Invalidity Contentions |
| 12 | Exhibit B-1 to IBM's Invalidity Contentions |
| 13 | Exhibit B-2 to IBM's Invalidity Contentions |
| 14 | Exhibit B-3 to IBM's Invalidity Contentions |
| 15 | Exhibit B-4 to IBM's Invalidity Contentions |
| 16 | Exhibit B-5 to IBM's Invalidity Contentions |
| 17 | Exhibit B-6 to IBM's Invalidity Contentions |
| 18 | Exhibit B-7 to IBM's Invalidity Contentions |
| 19 | Exhibit B-8 to IBM's Invalidity Contentions |
| 20 | Exhibit B-9 to IBM's Invalidity Contentions |
| 21 | Exhibit B-10 to IBM's Invalidity Contentions |
| 22 | Exhibit B-11 to IBM's Invalidity Contentions |

| 23 | Exhibit B-12 to IBM's Invalidity Contentions |
|----|----------------------------------------------|
| 24 | Exhibit B-13 to IBM's Invalidity Contentions |
| 25 | Exhibit B-14 to IBM's Invalidity Contentions |
| 26 | Exhibit C-1 to IBM's Invalidity Contentions |
| 27 | Exhibit C-2 to IBM's Invalidity Contentions |
| 28 | Exhibit C-3 to IBM's Invalidity Contentions |
| 29 | Exhibit C-4 to IBM's Invalidity Contentions |
| 30 | Exhibit C-5 to IBM's Invalidity Contentions |
| 31 | Exhibit C-6 to IBM's Invalidity Contentions |
| 32 | Exhibit C-7 to IBM's Invalidity Contentions |
| 33 | Exhibit C-8 to IBM's Invalidity Contentions |
| 34 | Exhibit C-9 to IBM's Invalidity Contentions |
| 35 | Exhibit C-11 to IBM's Invalidity Contentions |
| 36 | Exhibit D-1 to IBM's Invalidity Contentions |
| 37 | Exhibit D-2 to IBM's Invalidity Contentions |
| 38 | Exhibit D-3 to IBM's Invalidity Contentions |
| 39 | Exhibit D-4 to IBM's Invalidity Contentions |
| 40 | Exhibit D-5 to IBM's Invalidity Contentions |
| 41 | Exhibit D-6 to IBM's Invalidity Contentions |
| 42 | Exhibit D-7 to IBM's Invalidity Contentions |
| 43 | Exhibit E-1 to IBM's Invalidity Contentions |
| 44 | Exhibit E-2 to IBM's Invalidity Contentions |
| 45 | Exhibit E-3 to IBM's Invalidity Contentions |
| 46 | Exhibit E-4 to IBM's Invalidity Contentions |

| | |
|---|---|
| 47 | Exhibit E-5 to IBM's Invalidity Contentions |
| 48 | Exhibit E-6 to IBM's Invalidity Contentions |
| 49 | Exhibit E-7 to IBM's Invalidity Contentions |
| 50 | Exhibit E-8 to IBM's Invalidity Contentions |
| 51 | Exhibit E-9 to IBM's Invalidity Contentions |
| 52 | Exhibit E-10 to IBM's Invalidity Contentions |
| 53 | Exhibit E-13 to IBM's Invalidity Contentions |
| 54 | Exhibit E-14 to IBM's Invalidity Contentions |
| 55 | Exhibit E-15 to IBM's Invalidity Contentions |
| 56 | Exhibit E-17 to IBM's Invalidity Contentions |
| 57 | Exhibit E-18 to IBM's Invalidity Contentions |
| 58 | Exhibit F-1 to IBM's Invalidity Contentions |
| 59 | Exhibit F-2 to IBM's Invalidity Contentions |
| 60 | Exhibit F-3 to IBM's Invalidity Contentions |
| 61 | Exhibit F-4 to IBM's Invalidity Contentions |
| 62 | Exhibit F-5 to IBM's Invalidity Contentions |
| 63 | Exhibit F-6 to IBM's Invalidity Contentions |
| 64 | APPX A-A – '028 Patent Obviousness Appendix |
| 65 | APPX B-B –'348 Patent Obviousness Appendix |
| 66 | APPX C-C – '651 Patent Obviousness Appendix |
| 67 | APPX D-D – '063 Patent Obviousness Appendix |
| 68 | APPX E-E – '262 Patent Obviousness Appendix |
| 69 | APPX F-F – '480 Patent Obviousness Appendix |
| 70 | Email Exchange Between NovaCloud's Counsel and IBM's Counsel Regarding IBM's Deficiencies in Its Invalidity Contentions |

## I.    INTRODUCTION

Defendant International Business Machines Corporation ("IBM") served sixty-seven (67) invalidity contention charts and six obviousness appendices purporting to map over seventy prior art references against six Asserted Patents—U.S. Patent Nos. 8,401,028 ("'028"), 8,407,348 ("'348"), 9,225,651 ("'651"), 9,491,063 ("'063"), 9,900,262 ("'262"), and 10,691,480 ("'480"). Despite producing thousands of pages, IBM's invalidity charts share a common and disqualifying defect: for virtually every claim limitation of every Asserted Patent, IBM asserts only that the prior art "discloses, either expressly or inherently" the limitation, and follows that empty assertion with a "*see, e.g.*" signal to either screen shots or extended block quotations from the reference. IBM's charts contain zero explanation of how the quoted and/or reproduced material purportedly corresponds to the claimed element. For dependent claims, IBM's deficiency is even more extreme: across all six patents, dozens of charts provide nothing beyond "*see supra* disclosures cited for Claim [X]"—a bare cross-reference with no additional analysis of the dependent limitation itself.

These contentions do not comply with P.R. 3-3(c)'s plain requirement that invalidity charts "identify[] where specifically in each alleged item of prior art each element of each asserted claim is found." NovaCloud acknowledges that invalidity contentions "need only provide fair notice" and "are not intended to require a party to set forth a prima facie case"—*e.g.*, *Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474, 2020 WL 1275786, at *4 (E.D. Tex. Mar. 17, 2020)—but IBM's charts merely reproduce screenshots and/or block quotes of prior art before summarily concluding that the reproduced quotes and/or images (somehow) "disclose" a claim limitation. Rather than properly identifying or explaining how the reproduced materials purportedly "disclose" each element of a claim limitation, IBM's charts simply and insufficiently

"reproduce[] portions of the [prior art reference], highlight[] some of the text, and include[] figures"—and thus, they must be struck as "insufficient under Rule 3-3." *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 3:13-cv-01161-HSG, 2017 WL 235049, at *4 (N.D. Cal. Jan. 19, 2017). Indeed, IBM's invalidity charts do not even provide highlights to guide NovaCloud (unlike the charts that were still struck in *Slot Speaker*), but rather, its invalidity charts provide "nothing but citations with no explanation as to how the defendants anticipated using the prior art references." *Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, No. 2:07-CV-262 TJW, 2010 WL 7853420, at *1 (E.D. Tex. Apr. 1, 2010). Because IBM's charts fail to give NovaCloud "real or useful notice" of IBM's invalidity theories—*Saffran v. Johnson & Johnson*, No. 2:07 CV 0451 TJW, 2009 WL 8491495, at *1 (E.D. Tex. Feb. 24, 2009)—its invalidity contentions must be struck as contrary to the purpose of P.R. 3-3 to put the plaintiff "on notice of the information its adversary anticipates using at trial." *Id.*

IBM has had ample opportunity to cure these deficiencies. Despite multiple requests and a meet and confer, IBM refused to supplement its invalidity disclosures and insisted that the law does not require IBM to do so. (*See* Ex. 70.) IBM is wrong: the Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7180756, at *2 (E.D. Tex. May 1, 2008) (citations omitted).

## II.    LEGAL STANDARD

This Court has the inherent power to enforce its Local Patent Rules. P.R. 3-3 governs invalidity contentions, and it requires "at a minimum," that defendants:

1) identify each prior art reference;
2) identify whether each reference anticipates or renders obvious each

2

asserted claim;

3) identify the combination of references that makes a claim obvious and the source of the motivation to combine such terms; and

4) provide a chart identifying where *specifically in each alleged item of prior art each element of each asserted claim is found*.

*CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:17-v-140-WCB, 2018 WL 4100760, at *2 (E.D. Tex. Jul. 2, 2018) (summarizing P.R. 3-3 requirements) (italic emphasis added). The purpose of P.R. 3-3 is to put the patent holder on adequate notice of the potentially invalidating art that defendants will assert in their case and at trial. *E.g.*, *R2 Sols. LLC v. Databricks, Inc.*, No. 4:23-cv-1147, 2026 WL 265258, at *5 (E.D. Tex. Feb. 2, 2026). If a defendant fails to comply with Rule 3-3, the Court will strike the deficient invalidity contentions from the record. *Saffran*, 2009 WL 8491495, at *1 (striking nearly 800 pages of invalidity contentions that failed to provide "real or useful notice").

NovaCloud recognizes that striking invalidity contentions "is an extreme decision comparable to determining 'whether evidence should be excluded for discovery violations,'" and that "courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice." *E.g.*, *Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-cv-01038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016). But the extreme remedy is warranted here because IBM's deficiencies are pervasive, IBM refused to supplement despite multiple opportunities, and NovaCloud has been (and continues to be) prejudiced by the inability to discern IBM's actual invalidity theories.

This Court has detailed what constitutes adequate versus deficient contentions. Adequate contentions include "an *in-depth* narrative description of *how* each claim is anticipated by each reference . . . [and] a similarly-detailed chart with pinpoint citations." *Tyco Healthcare Grp.*, 2010 WL 7853420, at *1 (emphasis added). By contrast, contentions consisting of "nothing but citations with no explanation" are deficient. *Id.* (distinguishing *Saffran*); *see also* Ord., *Wapp Tech. Ltd. v.*

*Bank of Am., N.A.*, No. 4:21-cv-00670, Dkt. 105 at 1 (E.D. Tex. Jul. 1, 2022) ("Defendants' gratuitous use [of block quotations] here, combined with the lack of explanation or analysis, is insufficient to provide fair notice."). This Court's requirements are consistent with those of other District Courts with well-defined contention disclosure processes: where charts "quote a prior art reference wholesale and expect the plaintiff to sort out its actual contentions," the Court strikes them. *Seoul Semiconductor Co., Ltd. v. Bed Bath & Beyond, Inc.*, No. 2:18-CV-01026-SJO-SK, 2019 WL 3243724, at *2 (C.D. Cal. June 20, 2019). Similarly, where contentions merely "parrot[] claim language, reproduce[] portions of the [reference], highlight[] some of the text, and include[] figures," they must be struck. *Slot Speaker*, 2017 WL 235049, at *4.

### III.    ARGUMENT

#### A.    IBM's Invalidity Contentions Fail to Provide the Notice Required by the Local Rules.

IBM's invalidity charts do not meet the notice standards clearly established in P-R 3.3 and by this Court. The deficiencies in IBM's charts generally fall into two categories that this District has expressly condemned: (1) charts that provide block quotations without explanatory narrative connecting quoted material to claim elements, *see, e.g.*, Exs. 36-40, 43-52*,* as prohibited by *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21, 2010) ("Simply block quoting references . . . does not necessarily advise a defendant of where a plaintiff believes asserted elements are found"); *see also* Ord., *Wapp Tech Ltd.,* No. 4:21-cv-00670, Dkt. 105 at 1; and (2) charts that rely on screenshots, figures, or product descriptions without explaining how the depicted material satisfies each claim element, *see, e.g.*, Exs. 19-20, 41-42, 53, 62-63, as prohibited by *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, No. 5:09-cv-85, 2010 WL 11553254, at *3 (E.D. Tex. Dec. 2, 2010) ("use of quotes . . . and website screen shots describing [the product] does not fulfill the notice requirement . . . because it does not indicate

4

where in [the product] the asserted elements are found or describe [the party's] theories of how [the product] meets each claim element").

### B. IBM's Anticipation Contentions Repeat the Same Deficient Boilerplate Pattern Without Analysis.

IBM's sixty-seven invalidity charts all follow an identical, boilerplate, and deficient template. *See* Exs. 2-63.[1] For each claim limitation across all six Asserted Patents, IBM uses the same formulaic statement: "[prior art reference] discloses, either expressly or inherently, this [claim/limitation]." This statement is followed by "*see, e.g.*" and then one or more block quotations from the prior art or screenshots of products, which oftentimes spans multiple paragraphs and multiple pages. Nowhere does IBM provide a narrative explanation, or *any* explanation identifying which words or concepts in the quoted or pictured material purportedly correspond to which element of which claim, or how the cited material purportedly satisfies the limitation. Moreover, each claim element concludes with an identical (and meaningless) fallback provision:

> [t]o the extent [prior art reference] does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of [prior art reference] alone or it would have been obvious to combine [prior art reference] with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached.

*See, e.g.*, Ex. 2, at 12, 27, 44, 60, 79, 93, 129, 146, 154, 165, 176, 184, and 213. This empty assertion appears *hundreds* of times across IBM's sixty-seven invalidity charts. *See* Exs. 2-63.

One of many deficient examples is Exhibit 12 to this Motion—IBM's '348 Patent

---

[1] Plaintiff attached only 62 out of the 67 invalidity charts served by IBM to this Motion to Strike. Plaintiff chose not to attach Exhibits C-10 (DataPower Gateway; '651), E-11 (IBM Analytics; '262), E-12 (VMTurbo; '262), E-16 (Tivoli Monitoring; '262), and F-7 (Accanto StratOSS; '480) to IBM's Invalidity Contentions because they have been designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order. However, and for the avoidance of doubt, Plaintiff's arguments set forth in § III. B.-C. herein apply to all 67 of IBM's deficient invalidity charts.

(Hamilton) invalidity chart—which is but one example that follows IBM's identical and boilerplate formula for every claim: "Hamilton discloses, either expressly or inherently, this claim. *See, e.g.* …" followed by multi-paragraph block quotations. But nowhere in Exhibit 12 does IBM ever explain which words in the quoted text correspond to which claim element. Worse, this deficiency pattern pervades ***all*** of IBM's other '348 Patent charts,[2] and all remaining charts for all Asserted Patents.[3]

Exhibit 41 provides another representative example of this deficiency. The entire "disclosure" column consists of nothing more than screenshots of the GigaSpaces Cloudify system with no explanatory text whatsoever—just page screenshots followed by the abbreviation for the document:

| [1.A] a network controller, comprising one or more processors and one or more storage devices, configured to run a network services orchestration module that is configured to perform operations on flows of packets in real time prior to delivery of the packets to an end user or | GigaSpaces Cloudify discloses, either expressly or inherently, this limitation. *See, e.g.:* |
| --- | --- |
| to an end user service, the network services orchestration module comprising: |  Cloudify Product Demo. |

---

[2] *See* Exs. 12-25 ('348 charts).

[3] *See* Exs. 2-11, 26-63.

Ex. 41, at 7-10 (yellow highlights added).

Pasting screenshots, without any explanation, does not "identify[] where specifically" an element is found. P.R. 3-3(c); *see also Tyco Healthcare Grp.*, 2010 WL 7853420, at *1 (distinguishing adequate contentions that include "an in-depth narrative description of how each claim is anticipated by each reference" from deficient contentions consisting of "nothing but citations with no explanation as to how the defendants anticipated using the prior art references").

Ultimately, all sixty-seven of IBM's invalidity charts across all six Asserted Patents are precisely what the *Saffran* court condemned and struck: voluminous contentions that "do not put the plaintiffs on real or useful notice" and amount to nothing more than "an attempt to end run the rules." *Saffran*, 2009 WL 8491495, at *1 (striking 800 pages of invalidity contentions as non-compliant with the local patent rules); *see also Tyco Healthcare Grp.*, 2010 WL 7853420, at *1 (characterizing the struck *Saffran* contentions as "800 pages of nothing but citations with no explanation as to how the defendants anticipated using the prior art references"). IBM's charts warrant the same result.

7

**C.    IBM's Dependent Claim Contentions are Bare Cross References Without Analysis.**

Another deficient pattern appears in IBM's treatment of dependent claims. Across every chart, for every patent, IBM addresses dependent claims with nothing more than: "[reference] anticipates and/or renders obvious claim [X]…[Reference] discloses, either expressly or inherently, this claim. *See supra* disclosures cited for Claim [X]." *See, e.g.,* Ex. 31 at 45, 65, 72.

This is not a marginal deficiency—it appears in nearly every single claim of every patent. For example, the Lofstrand chart (Ex. 36) for the '063 Patent provides only "[*s*]*ee supra* disclosures cited for Claim 1" for Claims 2 through 9—eight consecutive dependent claims, each adding a different technical limitation, and none of which receives any independent analysis. Claim 4, for example, requires "a hypervisor VM management API"; Claim 5 requires "a specialized API . . . to manage service instances"; Claim 8 requires that "statistics are monitored from hypervisors." Each adds a distinct and substantive limitation to independent Claim 1. Yet, IBM provides *zero* analysis of where in Lofstrand any of these separate limitations are found. The identical pattern repeats for Claims 11-22 (dependent on method Claim 10) and Claims 23G-23J, 24, 25G-25J, and 26. *See also* Ex. 41, at Claims 2-9, 11-22; Ex. 42, at Claims 2-9, 11-22.

The Qureshi chart (Ex. 45) for the '262 Patent follows the same pattern. For Claims 9A through 9G and Claims 17A through 17G, the chart provides only "Qureshi discloses, either expressly or inherently, this limitation. *See supra* claim [1.X]." Ex. 45, at 167-168, 173-175. The Gmach chart (Ex. 51) for the '262 Patent does the same for Claims 9A-9G and 17A-17G, and the Nagaraja (Ex. 58), Barak (Ex. 59), OASIS TOSCA (Ex. 62), and ETSI NFV (Ex. 63) charts for the '480 Patent all follow this identical pattern for Claims 4-7, 10-12, and 14-16.

Ultimately, a bare "*see supra*" cross-reference is not a "chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." P.R. 3-3(c). The

rule says "each element of each asserted claim"—not "only the independent claims." IBM's failure to address the distinct limitations added by dependent claims deprives NovaCloud of notice as to where those limitations are allegedly found in the prior art, in addition to no analysis to guide NovaCloud as to responding to IBM's purported theories.

### D.    IBM's Obviousness Contentions Provide No Analysis.

Every one of IBM's invalidity charts begins with an identical and meaningless motivation-to-combine statement: "[a] person of ordinary skill in the art would have been motivated to combine and would have a reasonable expectation of success in combining these references because the cited references relate to the same technical field as [Reference] (i.e., [field name])." *E.g.*, Ex. 12 at 1; Ex. 41 at 2; Ex. 61 at 1; *see also* Exs. 64-69. This single, generic sentence provides no claim-specific or reference-specific analysis.

IBM's Invalidity Contentions Cover Pleading (Ex. 1) compounds this deficiency. It states that its "obviousness combinations of references . . . are exemplary and are not intended to be exhaustive," and reserves "the right to present additional items of prior art." Ex. 1, at 9; *see also* Exs. 64-69. For the '480 Patent alone, IBM lists fifteen separate "exemplary" combinations but then reserves the right to "assert that any primary reference, alone or in combination with any other primary reference, secondary reference, or reference disclosing the state of the art, anticipates or renders obvious the Asserted Claims." *Id.*, at 86-87.

This is precisely the boilerplate language that this Court in *CyWee* condemned as "contrary to this district's Local Patent Rules and case law." 2018 WL 4100760, at *2. "Language preserving a defendant an opportunity to later rely upon undisclosed combinations does not 'clearly suggest' the combination in the manner required by [the local rules]." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144-LED-JDL, 2009 WL 4782062, at *3 (E.D. Tex. Dec. 8, 2009).

**E.    The Court Should Strike IBM's Deficient Contentions Under this District's Five Factor Test.**

"Deciding whether invalidity contentions should be struck, or whether to allow amendments to contentions, is similar to deciding whether evidence should be excluded for discovery violations." *Anascape*, 2008 WL 7180756, at \*2. It is also akin to deciding whether pleading deadlines of a scheduling order should be extended. *Id.* (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006); *Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 899 (E.D. Tex. 2006)). When determining whether to strike contentions, courts consider:

> (1) [t]he danger of unfair prejudice;
>
> (2) [t]he length of the delay and its potential impact on judicial proceedings;
>
> (3) [t]he reason for the delay, including whether it was within the reasonable control of the party responsible;
>
> (4) [t]he importance of the particular matter, and . . . whether a lesser sanction would adequately address the other factors; and
>
> (5) [w]hether the offending party was diligent in seeking an extension of time, or in supplementing contentions, after an alleged need to disclose . . . became apparent.

*Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *see also R2 Sols.*, 2026 WL 265258, at \*5.

*First (unfair prejudice):* NovaCloud is significantly prejudiced. Without understanding IBM's actual invalidity theories, NovaCloud cannot conduct targeted prior-art discovery, cannot prepare its expert's validity opinions, and cannot evaluate settlement positions. The prejudice compounds as the case progresses toward expert reports and dispositive motions. IBM's boilerplate contentions grant it maximum flexibility to shift theories at the expert stage while NovaCloud is denied any ability to prepare a focused response—a textbook instance of the "litigation by ambush" that the Patent Rules prohibit.

10

*Second (delay and impact):* IBM served its contentions on December 3, 2025—nearly six months ago. Despite multiple requests, IBM has refused to supplement. Any further delay cascades through expert reports, summary judgment, and trial.

*Third (reason for delay):* The delay is entirely within IBM's control. IBM selected these references itself. IBM has had access to every cited prior art document since before it served its contentions. This is not a case where additional discovery was needed; IBM simply needed to explain *how* its own cited prior art maps to the claims. Its choice to serve formulaic contentions was deliberate. "Nobody even vaguely familiar with discovery rulings of the courts of the Eastern District under the Local Court Rules . . . could have any thought that this court is going to allow a party to ambush an opponent with a 'seventy percent' disclosure." *Comput. Acceleration*, 503 F. Supp. 2d at 825.

*Fourth (importance and lesser sanctions):* IBM's invalidity defense is important. But striking deficient contentions does not preclude IBM from asserting invalidity altogether. A lesser sanction is available: the Court may compel IBM to amend its invalidity contentions within a specified period with explanatory analysis identifying where in each reference each element is found and explaining how.

*Fifth (diligence):* IBM has not been diligent. After receiving NovaCloud's email requests for supplementation and participating in the May 11, 2026 meet and confer, IBM refused to supplement, asserting that "the law does not require IBM to do so." Ex. 70. This is stubbornness, not diligence. "Courts rely upon, and must even insist upon, the professionalism and good faith cooperation of attorneys if they are not to be bogged down in micro-managing discovery disputes. This factor weighs heavily in favor of striking the contention." *Comput. Acceleration*, 503 F. Supp. 2d at 824-25.

11

## IV.    CONCLUSION

NovaCloud respectfully requests this Court enter an order:

1. Striking IBM's deficient invalidity contention charts as identified herein;

2. In the alternative, compelling IBM to amend its invalidity charts within fourteen (14) days to comply with P.R. 3-3 by providing, for each claim limitation, a specific identification of where in the prior art the limitation is found and an explanation of how the cited material satisfies the limitation, with a certification by IBM's counsel that the amended charts comply with the Local Patent Rules;

3. To the extent the Court does not strike or compel amendment, ordering that IBM's experts be explicitly limited to what is in its contentions as served—IBM's experts shall be precluded from testifying to any invalidity theory, mapping, or combination not expressly and specifically articulated in the contention charts.

Dated: June 2, 2026

OF COUNSEL:

John B. Campbell
Rania Khamees
Stone A. Martin
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@McKoolSmith.com
rkhamees@McKoolSmith.com
smartin@McKoolSmith.com

Clara Bourget
**MCKOOL SMITH, P.C.**
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: 213.694.1200
Facsimile: 213.694.1234
cbourget@mckoolsmith.com

Casey Shomaker
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044
cshomaker@McKoolSmith.com

Michael Catapano
Mariel Talmage
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
mcatapano@McKoolSmith.com
mtalmage@McKoolSmith.com

Respectfully submitted,

/s/ *Kevin Burgess*
Kevin Burgess

Kevin Burgess
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com

***Attorneys for Plaintiff NovaCloud Licensing, LLC***

13

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Motion has been served on all counsel of record via the Court's ECF system or via electronic mail service on June 2, 2026.

/s/ Kevin Burgess
Kevin Burgess

## CERTIFICATE OF CONFERENCE

On May 11, 2026, counsel for Plaintiff and counsel for Defendant engaged in a meet and confer conference.  Defendant's counsel indicated that Defendant is opposed to the relief sought by this motion.

/s/ Kevin Burgess
Kevin Burgess

14