# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| NOVACLOUD LICENSING, LLC, | |
| Plaintiff, | No. 2:25-cv-00700-JRG-RSP |
| vs. | |
| INTERNATIONAL BUSINESS MACHINES CORP., | JURY TRIAL |
| Defendant. | |

### PLAINTIFF NOVACLOUD LICENSING, LLC.'S REPLY TO ITS MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS UNDER P.R. 3-6(B)

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.    ARGUMENT.........................................................................................................1

    A.    NovaCloud Was Diligent – Discovery Triggered A New Understanding...............1

    B.    The Amendment Is Critical To NovaCloud's Case Against IBM ...........................3

    C.    No Prejudice Exists and The Case Can Proceed As Scheduled...............................4

III.    CONCLUSION.....................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AI-Core Techs. LLC v. Omron Corp.*,
  No. 2:24-cv-00624, Dkt. 43 (E.D. Tex. Apr. 27, 2025)......................................................3, 4, 5

*Alacritech Inc. v. CenturyLink, Inc*.
  No. 2:16-CV-00693, 2017 WL 3007464 (E.D. Tex. July 14, 2017) ....................................2, 5

*CogniPower, LLC v. Samsung Electronics Co., Ltd.,*
  No. 2:23-cv-00160, 2024 WL 128207 (E.D. Tex. Jan. 11, 2024) .........................................4, 5

*EMG Tech., LLC v. Chrysler Grp.*,
  No. 6:12-CV-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013) ..............................................2

*GREE, Inc. v. Supercell Oy*,
  No. 2:19-cv-00311, 2020 WL 7698831 (E.D. Tex. Dec. 28, 2020) ..........................................3

*Harris Corp. v. Huawei Device USA, Inc.*,
  No. 2:18-cv-00439, 2019 WL 4247067 (E.D. Tex. Sept. 6, 2019)...................................2, 4, 5

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
  No. 2:22-cv-00322, 2023 WL 5435611 (E.D. Tex. Aug. 23, 2023)...........................................3

*Realtime Data, LLC v. Actian Corp.*,
  No. 6:15-cv-463, 2016 WL 9340797 (E.D. Tex. Aug. 11, 2016)...............................................5

*Seven Networks, LLC v. Google LLC*,
  No. 2:17-CV-00442, 2018 WL 3327927 (E.D. Tex. July 6, 2018) ...........................................3

*Sol IP, LLC v. AT&T Mobility LLC*,
  No. 2:18-CV-00526, 2020 WL 1911388 (E.D. Tex. Apr. 20, 2020).........................................2

*STMicroelectronics, Inc. v. Motorola, Inc.*,
  308 F. Supp. 2d 754 (E.D. Tex. 2004).......................................................................................2

*Tactile Feedback Tech. LLC v. Samsung Elecs. Am., Inc. and ZTE (USA) Inc.*,
  No. 2:14-cv-940, 2015 WL 13469637 (E.D. Tex. July 31, 2015).............................................4

**RULES**

Local Patent Rule 3-1....................................................................................................passim

Local Patent Rule 3-6....................................................................................................passim

Local Patent Rule 4-1....................................................................................................passim

## TABLE OF ABBREVIATIONS AND TERMS

| Abbreviation or Term | Definition |
|---|---|
| Plaintiff or NovaCloud | Plaintiff NovaCloud Licensing LLC |
| Defendant or IBM | Defendant International Business Machines Corporation |
| CP4MCM | Cloud Pak for Multicloud Management |
| CP4AIOps | Cloud Pak for AIOps |
| '262 Patent | U.S. Patent No. 9,900,262 |
| Amended Infringement Contentions | NovaCloud's amended infringement contentions for the '262 Patent, attached to the Motion as Ex. 9 |
| P.R. | Patent Rules |
| Motion or Mot. | NovaCloud's Motion for Leave to Amend Infringement Contentions, Dkt. 63 |
| Response or Resp. | IBM's Response to NovaCloud's Motion for Leave to Amend Infringement Contentions, Dkt. 67 |

## I.    INTRODUCTION

IBM's own confidential document pointed NovaCloud to the functional similarities between CP4MCM and CP4AIOps. Upon further research, NovaCloud confirmed that, similar to CP4MCM, CP4AIOps (with data source integrations) infringed the '262 Patent. Because NovaCloud acted diligently once it identified the infringement basis, the amendment is important, and the case remains in its early stages, all four good-cause factors favor granting NovaCloud leave to amend its infringement contentions for the '262 Patent.

## II.    ARGUMENT

### A.    NovaCloud Was Diligent – Discovery Triggered A New Understanding

IBM's main argument conflates awareness that a product exists with awareness that a product infringes. Resp. at 4-7. P.R. 3-1 requires plaintiffs to identify products they believe infringe, not simply products that exist. NovaCloud never denied knowing CP4AIOps existed and having access to its publicly available documentation. But it is IBM's confidential document that made NovaCloud appreciate its similarities to CP4MCM and, as such, its significance to the '262 Patent.

IBM's confidential production (Mot., Ex. 3), which included an internal CP4MCM presentation, indicated to NovaCloud that CP4AIOps, alongside Instana, displayed functionality similar to CP4MCM. Because the confidential document did not indicate *how* CP4AIOps with Instana was functionally similar to CP4MCM such that it was within the realm of the '262 Patent, NovaCloud relied on public documentation to understand how CP4AIOps, when paired with a data source integration, functions as an application resource manager enabling resource allocation. This is why, as IBM points out, NovaCloud's Amended Infringement Contentions (Mot., Ex. 9) cite only publicly available documentation. NovaCloud could not have relied on confidential evidence for its contentions because IBM did not produce confidential documents demonstrating *how*

1

CP4AIOps operates; the document merely pointed to the similarities between CP4MCM and CP4AIOps with Instana. Mot., Ex. 3.

In any event, whether the cited evidence is confidential is not determinative. *Harris Corp. v. Huawei Device USA, Inc.,* No. 2:18-cv-00439, 2019 WL 4247067, at *2, n.1 (E.D. Tex. Sept. 6, 2019). In *Harris Corp.,* this Court granted leave to amend where discovery prompted further investigation, even though the amended contentions relied on "mostly publicly available documentation." *Id.*; *see also STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004) (recognizing that the Patent Rules "allow parties to supplement their preliminary infringement contentions when technical information is produced during discovery."). That is precisely what occurred here. *See Harris Corp.*, 2019 WL 4247067, at *3.[1]

IBM also notes that five months elapsed between its December 2025 production and the amendment request. Resp. at 4. But IBM produced over 6,000 documents across two productions. NovaCloud was not required to immediately identify every possible new product from thousands of documents. The relevant time period is from when NovaCloud identified the link between CP4AIOps with data source integrations (e.g., Instana) and CP4MCM to when it acted

---

[1] IBM's reliance on *EMG Tech.*, *Alacritech*, and *Sol IP* is misplaced. In *EMG Tech., LLC v. Chrysler Grp.*, the plaintiff admitted its amendment was based on a "recent appreciation of the significance of publicly available information" to add third-party examples to an already accused product. No. 6:12-CV-259, 2013 WL 12147662, at *3 (E.D. Tex. July 3, 2013). In that case, the plaintiff sough to add third-party information based on transfer briefing, *id.*; the addition of publicly available information was not prompted by a discovery event, such as confidential documents produced for an accused product. *Alacritech Inc. v. CenturyLink, Inc*. was a P.R. 3-1 specificity case addressing whether products were adequately identified in initial contentions, not a motion for leave to amend. No. 2:16-CV-00693, 2017 WL 3007464, at *1 (E.D. Tex. July 14, 2017). And in *Sol IP, LLC v. AT&T Mobility LLC*, the plaintiff waited five months after receiving AT&T's product list, never sought leave to amend, and filed its supplement on the last day of fact discovery. No. 2:18-CV-00526, 2020 WL 1911388, at *5 (E.D. Tex. Apr. 20, 2020). Here, NovaCloud acted approximately one month after discovering the connection and formally sought leave.

(approximately one month). Mem. Ord., *AI-Core Techs. LLC v. Omron Corp.,* No. 2:24-cv-00624, Dkt. 43 at 2 (E.D. Tex. Apr. 27, 2025) (measuring diligence from time when new products were identified, not time of production).

Finally, NovaCloud's two prior amendments (which IBM did not oppose) do not undercut diligence; they demonstrate it. In each case, NovaCloud promptly amended its contentions when it discovered a basis to do so: first, adding Cloud Internet Services Global Load Balancer based on source code review and then correcting a priority date. Resp., Exs. A, B. So too here, where NovaCloud sought leave to amend its contentions promptly upon learning of CP4AIOps' infringement from IBM's confidential production.

Thus, NovaCloud was diligent and this factor supports good cause.

**B.      The Amendment Is Critical To NovaCloud's Case Against IBM**

IBM's argument that the amendment cannot be important because NovaCloud failed to include it earlier conflates the importance factor with the diligence factor. Resp. at 7-8. Importance is measured by the consequence of exclusion. If the amendment is excluded, NovaCloud will be forced to file a separate action against IBM involving the same patent, overlapping infringement theories, and a functionally related product. This is precisely the inefficiency the Patent Rules seek to avoid. *See GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00311, 2020 WL 7698831, at *3 (E.D. Tex. Dec. 28, 2020); Mem. Ord., *AI-Core Techs., LLC,* No. 2:24-cv-00624-RSP, Dkt. 43 at 3-4; *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-cv-00322, 2023 WL 5435611, at *3 (E.D. Tex. Aug. 23, 2023).

IBM cites *Seven Networks* for the proposition that "[judicial economy] is likewise served by strict adherence to this District's Patent Rules." Resp. at 7. But *Seven Networks, LLC v. Google LLC* addressed a situation where "one side's theory of the case is constantly shifting." No. 2:17-CV-00442, 2018 WL 3327927, at *2 (E.D. Tex. July 6, 2018). NovaCloud is not shifting its theory;

3

it is applying the already disclosed infringement theory (application management within cloud networks/systems) (Mot., Ex. 1) to a newly identified product within the same product family. The infringement theory is stable; only the product list is expanding based on discovery. *See* Mem. Ord., *AI-Core Techs. LLC,* No. 2:24-cv-00624, Dkt. 43 at 4.

As such, NovaCloud's amendment is important and supports good cause.

### C.    No Prejudice Exists and The Case Can Proceed As Scheduled

IBM's principal prejudice argument is that the claim construction process has begun. Resp. at 8. But this overstates the procedural posture. Claim construction terms were only recently exchanged, proposed constructions are not yet due, and the Markman hearing is months away. *See Harris Corp.*, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019) (granting amendment where Markman hearing had not occurred); *Tactile Feedback Tech. LLC v. Samsung Elecs. Am., Inc. and ZTE (USA) Inc.*, No. 2:14-cv-940, 2015 WL 13469637, at *1 (E.D. Tex. July 31, 2015) (same); *CogniPower, LLC v. Samsung Electronics Co., Ltd.,* No. 2:23-cv-00160, 2024 WL 128207, at *7 (E.D. Tex. Jan. 11, 2024).

IBM's claim that it has "developed claim construction positions based on its understanding of the products accused in this case" is speculative. Resp. at 8. P.R. 4-1 terms were only exchanged on June 5, proposed constructions are not due until June 26, and the Joint Claim Construction Statement is not due until July 17. IBM had the amended claim chart since May 15 (Mot., Ex. 5) before *any* claim construction dates arose. IBM cannot credibly claim it has irreversibly committed to positions when the process is in its infancy, particularly because NovaCloud's amendment relates to an already-litigated patent under an already-disclosed infringement theory. Mot., Ex. 1.

IBM also argues it would need to "restart[] discovery on AIOps from scratch." Resp. at 8. But NovaCloud's amendment adds a single product for which IBM was already on notice. Mot., Ex. 1. IBM—the manufacturer of both CP4MCM and CP4AIOps—already possesses all relevant

4

technical documentation for its own products. This is not a situation requiring costly third-party discovery or an entirely new defense theory.

IBM's argument about the August 28 document production deadline is similarly overstated. Resp. at 8. IBM already possesses documents about its own product. The production deadline applies to making documents available to NovaCloud, not to IBM developing its defenses.

NovaCloud's P.R. 3-1 disclosures expressly put IBM on notice that additional products enabling "application management within cloud networks/systems" could be added. Mot., Ex. 1. While IBM characterizes this as impermissible "catch-all" language under *Alacritech*, that case concerned whether catch-all language satisfies P.R. 3-1's identification requirement in initial contentions, not whether it provides contextual notice for purposes of evaluating prejudice. The functional description gave IBM meaningful notice of the types of products that could be at issue, mitigating any claim of surprise. *See Harris Corp.*, 2019 WL 4247067, at *3.

No continuance is required. Trial is nearly a year away, fact discovery closes in November 2026, and expert discovery closes in December 2026. Adding a single product manufactured by IBM itself, under an already-disclosed infringement theory (Mot., Ex. 1), does not require the wholesale restructuring of deadlines IBM suggests. *Realtime Data, LLC v. Actian Corp.,* No. 6:15-cv-463, 2016 WL 9340797, at *4 (E.D. Tex. Aug. 11, 2016). Even if minimal prejudice existed, an extension of discovery—not denial of the Motion—would be the appropriate remedy. *AI-Core Techs.*, Dkt. 43 at 4–5; *CogniPower*, 2024 WL 128207, at *7.

Thus, this factor supports good cause.

## III.   CONCLUSION

Based on the foregoing, NovaCloud respectfully requests that the Court grant leave to amend its infringement contentions under P.R. 3-6(b).

5

Dated: June 22, 2026

Respectfully submitted,

**MCKOOL SMITH, P.C.**

*/s/ Kevin L. Burgess*
Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

John B. Campbell
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
Stone A. Martin
Texas State Bar No. 24143713
smartin@McKoolSmith.com
Rania Khamees
Texas State Bar No. 24149673
rkhamees@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Nicholas M. Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Casey Shomaker
Texas State Bar No. 24110359
cshomaker@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Clara Bourget
California State Bar No. 356959

6

cbourget@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Michael E. Catapano
New York State Bar No. 5933700
mcatapano@McKoolSmith.com
Mariel Talmage
New York State Bar No. 5948831
mtalmage@McKoolSmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

**ATTORNEYS FOR PLAINTIFF
NOVACLOUD LICENSING, LLC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on date.

/s/ *Kevin Burgess*
Kevin Burgess

7